In the United States District Court Northern Eastern District of Illinois

Setzke
Rochelle Erickson

V.

08CV3094
JUDGE ST.EVE
MAG.JUDGE COLE

Larry Norris Ark. Dept Corr.
Charles Pruitt ACIC, NCIC
Paula Stitz, warden Maples
Jane Doe Doing Releases
Unknown Director of Doc Pine Bluff
Mary Towner, Mark Bernthal, Leanna Baker
Police officals Warrenville Illinois (Dupage Co.)
Unknown Principal Johnson School
Beanelles teacher, Pat Doe DCFS,
Unknown Counselor Hubble School
Derek Dobyns Montomery Illinois

RECEIVED

MAY 27 2008  aew
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## 42 USC 1983 Complaint

1. the Plaintiff Has begun A Lawsuit In the Western District of Arkansas Setzke V. Norris case # 07-5186, Different times of claims happening, In Different Juristdiction

2. Parties to This Lawsuit Above

    Plaintiff Raymond Setzke

    Defendant Norris, ACIC, NCIC

3. County Washington County, Western Dist. of Arkansas

4. Docket # 07-5186

5. the Judge Assigned Jim Larry Hendren

appeared" Is it still pending?) _____

6.  Approximate date of filing lawsuit: Oct, 2007 Norris case #07-5186

7.  Approximate date of disposition: Served by Marshulls April 30, 2008

II.  Place of present Confinement: EA RU Brickeys, Ar. 72320-180

III.  There is a prisoner grievance procedure in the Arkansas Department of Correction. Failure to complete the grievance procedure may affect your case in federal court.

A.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes _____   No  X

B.  If your answer is YES, Attach copies evidencing completion of the **final step of the grievance appeal** procedure. FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.

C.  If your answer is NO, explain why not: Violation's All happened After the Release from Incarceration 12-13-04 These Violations Occurred March 2006 to Current GRIEVANCE DOES not APPLY to This Circumstance

IV.  Parties (In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.  Name of Plaintiff(your name) Raymond Setzler #119893

Box 180

Brickeys, Ar. 72320-180

Address: _____

Name of plaintiff: Rachelle Erickson

Address: 29 W.401 WHite Oak Dr. Warrenville IL 60555

Name of plaintiff: _____

Address: _____

2

(In Item 3 below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: **LARRY NORRIS**

Position: **DIRECTOR**

Place of employment: **Ark. Dept. of Corrections**

Address: **Box 8707 Pine Bluff Arkansas 72611**

Defendant: **Charels Pruitt**

Position: **Director**

Place of employment: **Arkansas Crime Information Center**

Address: **One Capitol mall Little Rock Ar. 72201**

Defendant: ~~Sherri Sharp~~ **Paula Stitz**

Position: **Manager**

Place of employment: **Sex Offender Registry**

Address: **One Capitol mall, Little Rock, AR. 72201**

Defendant: **Dustin McDaniel**

Position: **Attorney General State of Ark.**

Place of employment: **State of Arkansas**

Address: **323 Center St. Suite 200 Little Rock Ar. 72201**

Defendant: **Warden Maples / Unknow Lady Doing Releases**

Position: **Warden / on 12-13-04**

Place of employment: **Grimes Unit, Ark. Dept. Corr.**

Address: **NewPort, Arkansas**

V.    Statement of Claim: (State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

3

Unknown Director of DCC In Pine Bluff

Defendants; Mary towner, Mark Bernthal, Leanne Bonker, P.P.O's
Area # 1 Bentonville ILL.
C/O Board of Correction and Comunity Complinace
P/O Box 20550, Pine Bluff, Ar 71602-0550

Defendants; unknown Director
National Crime Information Center
Wash DC ?

Defendant unknown Police Officals In March 2006
Warrenville Illinois Batavia Rd.

Defendant unknown Principal, and Rochelles teacher

Johnson school Continental st. Warrenville IL.

Defendant Pat Doe Worker A man
Dept of Children family Services
Glenn Ellyn Illinois

Defendant unknown Counselor (female)
Hubble school Wheaton Illinois

Defendant Derek Dobyns
Assisted entities
Montgomery Illinois.
This Address may be Gotten from Post
Office In montgomery

Defendant Kevin Johnston, Brian Doe, Carl Rhienburg
Fox Valley Morgage
Lombard Illinois

Statement of Claims;

As Per United States District Court Proceeding - Western District of Arkansas Case # 07-5186 Setzke V. Norris, ACIC, NCIC, Doc, And Kieth Ferguson Shariff of the Benton County Jail.

This Case Must be Read In An Order to understand the Continuation of A Case In this Jurisdiction Where More Claims, Defendants, and Venue Arise In Illinois Due to the Arkansas Defendants.

1. The Plaintiff Was Forced to Sign Papers to Register As A Sex Offender When Being Release From the Grimes Unit In NewPort Arkansas on 12-13-2004 By An un-Named Lady Doing Releases For Parole. The Offense Refered to having to Register Was An Illinois Charge In 1981 that Was Discharged 1985 With No Requirement to Register.

2. A Registry Law Was Adopted by Acts 1987 589, But Repealed by Acts 1997 A.C.A. 12-12-901 thru ACA 12-12-920

3. As Stated In Setzke V. Norris Case # 07-5186 the Plaintiff Did Not Realize he Was On the Registry until His Daughter Was One Day On the Computer And Seen the State of Arkansas had the Plaintiff elegally Registered on the ACIC, And NCIC this Information made the Plaintiff Appear he Was A Repeat Offender From Arkansas Due to this Illinois Charge, And Arkansas having the Plaintiff On the Registry by elegally Applieing this Law to the Plaintiffs Illinois 1981 Charge that makes the Plaintiff Appear A Registered Sex Offender under Current Arkansas Law With Retrictions Of Being A Registerd Sex Offender Violating Due Process, Double Jepordy, And his Liberty of WHere he may Live, Work, And Privacy of the Community

PG 2

the Plaintiff had been Living Again In his Birth State of
Illinois In the Town of Warrenville, Dupage Co. For Approx.
9 mos. Before His Step Dad Sold his house In Arkansas Who
Also Was Gaurdian of the Plaintiffs Daughter Rochelle
After the Plaintiffs Mother Passed Away a year prior.
Moved to Illinois to be With his Son. The Plaintiffs
Step Dad Was his Father For 44 years, And So Rochelle
the Plaintiffs Daughter Could be With her Dad. though
years prior the Plaintiff In the State of Oregon had to
Sign His Rights of A Parent Away Due to the Actions of
the Plaintiffs ex-Wife. So, In Order to Get Her Back-
Since the State Of Oregon Was Also holding this Illinois
Charge Against Him, He Signed his Rights Away. So,
the Parents Of the Plaintiff Could Get Her back. Nothing
ever Said In Court that the Plaintiff Couldint be Around
his Daughter - that Was A Given Since the Plaintiffs
Parents had Custody, And the Plaintiff moved From Oregon
to Live With his Parents, And Rochelle, And We Were One
BiG Family. In Arkansas.

5.    Approximately In Jan. 2006 the Plaintiff, And His
Step Father Bought A house In the Town of Warrenville
Illinois on 2 S 638 Wildwood ct. Kitty Corner to Johnson
School Where the Plaintiff And His Step Father enrolled
Rochelle Into School.

6.    the Plaintiff Was Now happy, He had his Older Daughters
Crystal Setzke, And Melody Dobyns - his Grandchildren, And
He had Gotten back together With his ex-Wife.

7.    Approx Feb. 2006 the Plaintiffs Step Father Was A
Stroke, the Plaintiffs Step Father Already had 2 Strokes
years prior that Left him paralized. He Was over
Weight, And the Plaintiff tried to hang on to the Father

he Loved, And All he Knew. ON March 9th 2006 James
Erickson the Plaintiffs Step Father Was taken Off Life
Support by the Plaintiff, And he Passed Away.

8.    The Plaintiff Was Now Faced With taking Care of his
Fathers Affaires, And Now Stuck With A house to pay For.
the Plaintiff Did have A Good Job A member of the
DuPage Co. Cement masons Local #803 In Villa Park IL.

9.    Durring that Week - the Plaintiffs Daughter Melody Came
to his house For the First time, Where Also Melody's mother
Sharen, the Plaintiffs ex-Wife Lived With the Plaintiff, And
His Daughter Rochelle.

10    There At this time the Plaintiff Got Into AN Arguement
With his Daughter Melody About Rochelle, At that time
Melody made A Comment to the Plaintiff, About the, Plaintiff
and his Daughter Rochelle, and Stomped out the Door.
Derek Dobyns Melody's husband had ever been to the
Plaintiffs house, or ever Knew the Plaintiffs Dad - But
Neigther Did the Plaintiffs Daughters Crystal, and Melody.

11.    At this time Melody tells her husband Derek Dobyns
of our Spat. Derek Who Knows the Plaintiff Is ON Parole
Decides to Call His Parole Officer Leanne Buker, or Mark
Berathul of Arkansas Dept. of Com. Correstions In Benton-
ville Arkansas, It Was then the Parole Officers told Derek
Dobyns the Plaintiff Was A Registerd Sex Offender, At this
time Derek Dobyns Was Assisting the Parole officers With
Information ect. However, the Parole Officers Did Not Place
A Warrant on the Plaintiff For Absconding, the Plaintiff Was
Already Gone For A year. From Arkansas

12.    At this time Derek Dobyns Contacted DCFS In Glenn
ellen IL. and told them that I Was A Violent Drunk,
hnd heppititus "C" And Was A Registerd Sex Offender.
Never ever Setting Foot In my house Before. It Was
Due to Derek Dobyns Anonymous Call to DCFS that Sparked

DCFS, the Warrenville Police Dept. and the Johnson School to All Conspire to use the Information from the NCIC, ACIC and the Plaintiffs Parol Officer to Deal With the Situation as If the Plaintiff Was a Registerd Sex Offender falling under Current Registry Laws and Restrictions, All these entities all knew about the Plaintiffs Illinois Conviction In 1981 and knew that If Illinois Law Did Not Apply to the Plaintiffs 1981 Sentence - How Could Arkansas Have him on the Registry. Though Arkansas Had It Appear this is a 2nd Subsequent offense, yet DCFS, Warrenville Police, and Johnson School Could Not find a Subsequent 2nd offense, and one that would fall under Registry Law's - But Dealt with the Plaintiff as Such anyway - taking the Plaintiffs Daughter from Him, measuring the Distance from His house to the School, telling His Neigbors he was a Registerd Sex offender. Though the Plaintiffs Parents Adopted the Plaintiffs Daughter for financial Reasons Due to the Plaintiffs father Had a Stroke and unable to Work had an extra Income With Rochelles SS. check Due to my father Also Being on S.S.

13.    It Was At this time Warrenville Police Ran a Check on the Plaintiff, Stated Later by Warrenville Police that one minute the Warrant Was there, and the next minute It Vanished. All the While Warrenville P.d. Was Speaking to the Plaintiffs Parol officer. The Plaintiff States this Warrant Could Not be Confirmed - So by All Legal Status - the Plaintiff had no Warrant, and Nothing Stated he Could Not be In Illinois

⁂  the Plaintiff States, and Request this Court the Right to Reserve to Indicate a more Discriptive event, and Names of Warrenville Officers When Discovery Is Requested from Warrenville P.d. of the Police Reports, And the DCFS Reports from A man Name Pat at DCFS In Glenn Ellyn IL.

14, the Plaintiff States It was At this time the Plaintiff was Pushed Into A Motel with the Fear of Being Arrested, And Losing his house, And his Daughter Rochelle, that the Plaintiff was Not Around When Warrenville Pol. And DCFS Went to Johnson School (Warrenville) and took the Plaintiffs Daughter Rochelle, that though Rochelle was Adopted by the Plaintiffs Parents, Rochelle Lived And had A Relationship with her Dad (the Plaintiff,) that by All Legal Aspects of this Rochelle was the Plaintiffs Sister. Due to It Being the Plaintiffs Parents Gaining Custady the Plaintiff In All Aspects Never Gave up his Rights Because He Still Fathered Rochelle, therefore these entities Stold the Plaintiffs Daughter, And took Rochelle temporarily to the Plaintiffs Other Daughter that has Different mothers And let Rochelle Stay with her until Some legal Proceedings Were held, the Proceeding of Rochelles Gaurdianship was elegal

15,     At No time—A day Or two After this Incodent Did Any entity DCFS, Or Warrenville Police— even though they Spoke to the Plaintiff ever Notified him that their was No Warrant For Him. Violating Due Process, Because they Were using the Fact of the Plaintiff thinking He had A Warrant So he Would Not Appear In Court About Rochelle, they even Failed to Contact the Plaintiff With Respect to the Plaintiffs Mother, and Father And any Other Family of the Adoptive Parents other than Rochelles Father Legally her Brother, that Could take Rochelle Violating Due Process, they Further Did Not Notify the Plaintiff of A Court Proceeding Concerning Rochella, And that these entities Were using the Fact of the Plaintiff Being on the Sex Offender Rebistry, Signing Rights Away In Orgon And the having the Plaintiff Believe he had A Warrant

PG 6

In An Order For the Plaintiff to not Gain Rightful Custody of his Daughter Rochelle.

16.    At this Time the Plaintiff Was being told by his Daughter Melody - that She had to Obtain Papers. to Get Gaurdianship of Rochelle, Or She Was Going to Foster Care Says Pat From DCFs Telling Melody, It Was the Plaintiffs understanding this Was temporary, However, though the Plaintiffs Daughter Melody Stated She was doing this to help, and It Was Not About money, yet- Rochelles Social Security check Does Not Go For her, And As Soon As Melody Dobyns Got Gaurdian-Ship She Tried to tap Rochelles $25,000 In A Protected Account Stating Rochelle has All these Problems And the Money Is Needed to help her, the Benton CO. Courts In Arkansas Denied her Request. A Lawyer Named urns, mcminnus In Fayetteville Arkansas Is Suppose to have Control over Rochelles money - though the Plaintiff Is Not Sure What Is Going on Now, And hopes Rochelles money Stays Protected

17.    the Plaintiff Stayed In A motel For Approx. 2 wks. Before He Went back to his house Because Since He Gave Keys to his Daughters He Felt People Were Going Into his house trying to Gain Ownership thru the looking of Papers.

18.    the Plaintiff States, When the Plaintiffs Father Bought the house On 28638 Wildwood ct. Warrenville IL. He had In mind And the Intention Was His S.S. check - Rochelles S.S. check, and What the Plaintiff made Would Pay And maintain the house, and Survive. the Plaintiffs Father Put $70,000 down on the house And Approx $145,000 Balance to Pay It off, It Was Appraised At. $225,000 At $1,360 A month taxes Insurance Included

19.    the Plaintiff States, that he was Now Back At his

house trying to Pay For It, But the Warrenville Police had Singled out him, And his Car Stopping the Plaintiff So to make It hard For him to Work In an Order to pay For the house. Slowly the Plaintiff was trying to Get thing's Changed Into his Name, the Plaintiff Never Owned a house Before So he didn't Know Legalities of the Responsabilities And the Sule ect of A house, or of A Probate. Since I Was last of Kid - I Was Administrator of the estate.

20, The School, (Johnson School) was Now trying to Get my Daughter melody to Gain Control of the house For money and to Get me out of the Neighborhood Since Arkansas Had me Registered As A Sex Offender, though Illinois Law Did Not Apply either It Was Attention Drawn to the Plaintiffs Charge 28 years AGO Do to the State Of Arkansas, Derek Dobyns, the Parole officers And All the Illinois enttys to Apply Law, And Deal With the Plaintiff As If he had No Rights At All to his Daughter, Home, His Parents Belonging's they Spent All their life to obtain, And to be Free From Being A Registered Sex Offender, And the Restrictions that Come with the Law-That Does Not Apply to the Plaintiffs Charge 28 years AGo In Illinois.

21, In May, 2006 It becomes Hard For the Plaintiff to Pay On his home, And Is Looking For Some Type Of help For Finnancing, Loans ect. the house, still In my Fathers Name, the Plaintiff States Derek Dobyns Sister Is A Mortgage Broker And Also owns A Brokerage, It Is Believed thru Derek Dobyn's She Obtain Information to Financially Gain. the Plaintiff Recieves A letter From A Brokerage that he Believes Was Set up By Dobyns Sister - The letter

Stated About Getting Re-financed IN 3 wks. this letter Came
From A Place Called Fox Valley MorGage IN Lombard Il.
I Called And Spoke to A Kevin Johnston, He Later Requested
I Bring IN All Paperwork my Dad Had ON the House WHich
He Refused to Give black Later on,

22.     As We Were Going thru the Application Process- Kevin
Johnston Stated that the Only Way he Could help me Is thru
his Buisness on the Side IN that he Could do a Land Contenet
With me. thru this Process He hires An Attorney Named Harvey
mier, Who later Identifies himself to my Dade Sister As AN
Attorney For the State Of Illinois. Harveys Practice was IN
Rockford Illinois

23.     the main thing Going ON Here Is Kevin Johnston, and
His Partner Brian Were backing the Plaintiff Into A Corner
Sitting on paperwork, knowing the Plaintiff Needed money,
they Promissed things that Didint Come thru About how much
money the Plaintiff Would Recieve, and After one year
If you Need more time we Can take more equity. It
WAS IN April of 2007 Kevin Johnston, Brian, Carl Rhienburger
Kevins Brother-IN-Law A School teacher that Notifies
the Plaintiffs Parole Officer mark Bernthel, And Warren-
ville Police to Pick up the Plaintiff $2\frac{1}{2}$ years of Being
IN Illinois and Now Violates the Plaintiffs Parole.

    Without the Aid of A Court Detainer, and forcible
entry, Carl Rhienburg, and Warrenville Police While
the Plaintiff IN Jail though the Plaintiffs wife Still
Living there- Came IN, Changed the Locks, and the
Plaintiff lost every thing. Before this Huppend - the
Plaintiff told Kevin Johnston, and Carl Rhiemburg
That they Committed Fraud because they Gained
Ownership by bypassing Probate and Not encluding

Rochelle on any transaction. It is believed the School, and Derek Dobyns, and his Sister tried to gain ownership in this manner. The account Kevin Johnston, Brian, and Carl Rhienburg had for the house was called First Family Funding and it may be a Harris Bank. Carl Rhienburg also stold utility service from the Plaintiff knowing the Plaintiff was in Jail, and never putting utilities in his name and ran utilities into thousands.

24   The Plaintiff States from Feb, 2005 until April 23 2007 when Arkansas put out a Warrant and knew where He was this whole time. And from the time of the Warrant April 23 2007 till the arrest Sept 10, 2007 is only 4 mos. to make up — The Parole officer has the Plaintiffs Discharge date changed and extended 2½ years.

25.   The Plaintiff States He now has nothing from his Families estate do to all this. The Johnson School, and The Hubble School in Wheaton Threaten melody as to letting Rochelle around Her Dad especially The Hubble School Conselor Violating Rochelles Rights, and Her Dads which by Adoption Is Her Brother and legally Cannot keep us Apart.


*   The unknown Lady Doing Releseses at the Grimes unit of Ark. Dept of Corrections on 12-13-04 Forced the Plaintiff to Sign Papers to Register as a Sex Offender or he would not be Released Because of his 1981 Charge from Illinois that Does Not Apply to Current Arkansas law enacted Aug 1, 1997 Did Violate the Plaintiffs Due Process, Double Jepordy, and Restricted his Liberty, and also Violated Rochelles Rights Due to this Lady Causing Rights Being Violated on March, 2006 to Current Date that was Deliberate and Indifferent to the Deprivations

PG 10

that happend from Paragraph #1 thru #25 In the City
of Warrenville Illinois. Knowing what the wrongful
Application to the Plaintiff Illinois Charge In 1981 would
Do by State, County, Local entitys and Law enforcement.

* Warden maples of the Grimes Unit In New Port Arkansas
Failed to Adopt Policies In Only Registering Offenders
that Apply to Acts 1997 Arkansas Registration Law. He
turnned a Blind eye Knowing the Plaintiff was Not
Suppose to be Registerd Because he Knows everything
that Goes on In his Prison. this violated the Plaintiffs
Due Process, Double Jeperdy, And Restricted his Liberty on
March 2006 to the Current Date that happend From
Paragraphs #1 thru #25 In the City of Warrenville IL.
Knowing what the Wrongful Application to the
Plaintiffs Illinois Charge In 1981 would Do by State,
County, Local entitys, And Law enforcement.

* Larry Norris Is Head of the Arkansas Dept. of Corrections
It Is his Job to Know All About his Prisons, And When
his Subordinates Apply Law to Conviction's In 1981
From Illinois - to Arkansas Registration Laws enacted
In Aug 1, 1997 that Dont Apply to Illinois Sentences.
He Fails to train And Supervise the Application Process
that Violated the Plaintiffs Rights In Warrenville IL
Approx March, 2006 to Current Date When the Plaintiff
Was Wrongfully Placed on the Registry 12-13-04

* Charels Pruitt Is head of the Arkansas Crime Information
Center, He Knows the Laws of Act 1997 The Arkansas
Registration Law, And that It Does Not Apply to the

Plaintiffs 1981 Illinois Change, He fails In Correcting And Adopting Policies So Only those that this Law Applies to Are Registered. He fails to Crimminally Seek those Who Apply this Law under Bad Faith. His Action and en-Action Caused the Violation of the Plaintiffs Due Process Double Jepordy, And Restricted his Liberty on March 2006 to Current Date In the town of Warrenville Illinois Due to Wrongfully being Placed on the Registery 12-13-04

\* ~~Truth~~ Stitz Is head of the Sex Offender Registery - She Is Responsable Also For Illegally Registering the Plaintiff on the ACIC, NCIC, and Intre-net. She Knows the Laws of Arkansas, and Knows you Cannot Retro Activily apply Law 28 years pryor to the en-Actment on A Conviction of **any** Sentence, That Deliberently and Indifferently Ms. Stitz With Bad Faith, And Crimminal Intent Committ A Crime Against the United States, and the Constitution of the United States, And A Citizen of the United States When She Allows the Plaintiff to be forced to Register As A Sex Offender When the Constitution, Laws of Ark. and Illinois Keeps him Free From Registering, By doing So- She must take Full Responsability of her Actions For Violating Due Process, Double Jepordy, And Restricting the Plaintiffs Liberty on About March, 2006 to the Current Date, And Also With malice, Refuses to Correct. In the town of Warrenville Illinois. March 2006 to Current

\* the unknown Director of NCIC Is head of the NCIC- He has the Power to Change, and Correct Wrong Information enterd Into the Data Bases. It Is his Job to Know all that Goes On. It Is Also his Job to Persue Individuals That Crimminally and In Bad Faith Fraudulently enter

Information to those the Law does Not Apply to oN A National Site that Violates the Plaintiffs Due Process, Double Jepordy, and Restricts his Liberty oN a National Level. It Is his Job to Know the Laws of every State And enactment Date, And Conviction Date the Law Applies to. He Fails to Adopt Policies, and Proceedures as A Deterant For Wrong Information that even Protects his Own Crimminal Liability. He Did Violate All the Above oN March 2006 to Current Date In the town of WARRENVILLE ILLinois.

✳ The Unknown Person At Dept. of Comm. Corr. In Pine Bluff Arkansas Is head of All Parole Officers In the State of Arkansas. It Is her Job to Know About All Parolee's that are Registerd on the Sex Offender Registrey, And know Which ones that Apply to Act 97 And Which ones Do Not. And to have Policies on Correcting those that Do Not Belong on the Registrey. She Fails to Crimminally Persue those, Or Report to Propper Authorities those who Abuse Discretion And Apply The Registrey to those who Don't Belong on It. She Fails to Adopt Policies, And to Train and Supervisor those In Correcting Wrong Applications Like the Plaintiff Which caused his Due Process, Double Jepordy, And Restricted his Liberty IN WARRENVILLE ILLinois on About March 2006 to Current Date.

✳ Mary Towner Is the Area Supervisor of Area #1 of the Benton Co. Dept. of Com. Corr. Bentonville, Arkansas. She has the Power to Change, and Correct In Area #1 She Fails to Adopt Policies to Correct the Wrong Information

that has the Plaintiff Registered on the Registry, She fails
to Contact the Proper Authorities In the Bad Faith
Application of Act 97 on the Plaintiffs 1981 Illinois Sentence
She Violates the Plaintiffs Rights, And Allows A Crime to
be Committed Against the United States And It's Constitu-
tion Which Violated the Plaintiffs Due Process, Double Jepardy,
And Restricts his Liberty on About March, 2006 to Current
Date In the town of Warrenville, Illinois

✳ Mark Bernthal, and Leanne Baker Are Parole officers At
Area #1 Parole office In Bentonville Arkansas. they Are
Deliberate and Indifferent When they Fail to Correct the
Wrong Application Of Sex Offender Registry - they Were Aware
the Plaintiff Was Wrongly Placed on this Registry Because they
failed to let Him transfer his Parole to Illinois Due to
this Wrong Application on the Plaintiff, But Continued to
Allow him to be on the Registry on the ACFC, and the
NCIC Nationally. they failed to Report to Proper Authorities
the elegal Application of Act 97 on his 1981 Charge In
Illinois. that violated his Due Process, Double Jepardy, And
Restricted his Liberty Rights In Warrenville Illinois on About
March, 2006 When there Was No Warrant for the Plaintiff
from these Parole Officers. It Was the State Of Arkansas's
Intentions to Allow No Warrant for the Plaintiff until the
Statute of Limitations Ran out, thats When A Warrant
Was Placed April 23, 2007 So, the Plaintiff Would have
No Reconrse to the Application of Act 97 to his 1981
Illinois Sentence Applied elegally, Crimminal Intent Is
there by All Arkansas Defendants to that Committed A
Crime Against the United States of America And A
Citizen, And Further Violated the Plaintiffs Rights

to Due Process by Allowing the Plaintiff to be In Illinois With No Warrant for 2½ years So He Wouldn't be able to Persue This Matter before this Court and the Proceeding In the United States District Court Western District of Arkansas, Setzke V, Norris Cuse # 07-5186 A Deterant Must be Applied to Put A Stop to this Type of Government, It Gives A Bad Name for this Country, The Constitution, and It's Purpose-Government Such as this Must be Disbanned, and Impeached this Is the Affirmative Abuse of Power, And Discretion.

✳ the unknown Police Officals At the Warrenville Police Dept. Warrenville Illinois Violated the Plaintiffs Due Process, Double Jepordy, And Restricted his Liberty When taking His Daughter Rochelle from Her home envionment, And Denied Notification of Any Proceeding About Rochelle, the elegal measuring of his home to the School, and Notifieing Neighbors that the Plaintiff Was A Registerd Sex Offender, Knowing that the State Of Arkansas had the Plaintiff elegally Registerd Due to his Illinois Sentence In 1981 this All Was A Deliberate Intention to Deprive the Plaintiff his rights and Committ a Crime Against the United States and Its Constitution they made No Correctue effort to Correct this Injustice with the ACIC and NCIC.

✳ the Principal, and the unknown teacher of Rochelles, Deprived the Plaintiffs Rights to be A family unit Due to the Elegal Application of the Registry on the Plaintiff. they Assisted Police, and DCFS Knowing there was No endangerment of Rochelle Due to her Being At School that the Anonymous Call had No Cooberating Proof. that they Work under Color of State In Violating the Plaintiffs Due process, Double Jepordy, And Liberty. they Assist the State of Arkansas In these Deprivations

- that this Was Done So Derek Dobyns Could Financially Gain

* Put the unknown Dept. Children, Family Services Workers In Glenn Ellyn IL. Violated the Plaintiffs Rights to Due Process When Removing Rochelle From the Johnson School With No Notification, or Permission, there was No Danger other than Derek Dobyns un cooperative annonymous phone Call. this Was All Done Due to the Parole officers In Arkansas who knew, And DCFS Knew the Plaintiff Was Not Suppose to Be on the Registry for his Illinois Charge In 1981, Further to violate Due Process, He Gave No Notification of any Court Proceeding Concerning Rochelle, or A Request For Information of Other Family members that Rochelle had Due to my Parents Adopting Rochelle. Instead Rochelle Was Given to Melody Dobyns Who Didnt even Know Rochelle. And because of this me and Rochelle Lost everything, He Assist the State of Arkansas In Depreuations

* the Hubble School Counselor Wheaton Illinois, Violates Rochelles and the Plaintiffs Due Process Rights to Continue to be a Family - She maintains to Melody Dobyns to Keep Rochelle Away From the Plaintiff and threatens DCFS. this violates the Plaintiffs, And Rochelles Due Process Since We have A Father Daughter Relationship, and this Counselor uses the Fact that the Plaintiff Is A Registerd Sex Offender that She Knows the Plaintiff Should Not be on It for his 1981 Illinois Charge. She Assist the State of Arkansas In Violating Due process, Double Jepordy, And Restricting his Liberties

* Derek Dobyns Assisted In enforcing Arkansas Law that Does Not Apply to the Plaintiff, He Speaks With the

Arkansas Parole officer, DCFS, Warrenville Police, School officals, And Kevin Johnston, Brian, And Carl Rhienburg As if he Works for these entities, And they share Private, And Personal Knowledge With him, He Assist these entities In Violating the Plaintiffs Due Process, Double Jeporady, And Restricts his Liberty Knowing that Illinois Charge In 1981 Does Not Apply to Arkansas Law enacted Aug 1, 1997. He further Violated Rochelles Due Process And life Liberty, And property So She can be A family unit with her Dad. Yet Bennifits from The Plaintiffs familys Social Security Rochella Gets That She Never See's. And what About Her Protected Account of $25,000 At Arvest Bank In Arkansas.

✳ As for Kevin Johnston, Brian, Doe, And Carl Rhienburg the Plaintiff Leaves for Latter Resolution As A Crimminal Intent And Action that Deals with Federal Loans, Country Wide, Ect, And Should be Processed for Crimminal Complaint by the U.S. Attorney.

Howeuer, the Plaintiff Reserves the Right to Bring Up At A Later Date Claims Against these Individuals. Please Refer the Above matter to the U.S. Attorney.

Under Penalty of Perjury 18 USC § 1621 The foregoing Is true And Correct to the Best of my Knowledge.

Relief            5-16-08      Respectfully Submitted
$ 50,000,000
Injunctional                    _____ #119243
Punitive                        Box 180
Compensary                      Brickeys, Ak. 72320-180

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Fayetteville DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 3 0 2007

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

Raymond Setzke
(Enter above the full name of the plaintiff
in this action.)

Prisoner ID No.  # 1198413

V.                          CASE NO.  07-5186

Larry Norris, Unknown
Warden at Grimes, unknown
Woman Doing releases, And ACIC E.t.a.L.
(Enter above the full name of the defendant,
or defendants, in this action.)

I.      Previous Lawsuits

A.      Have you begun other lawsuits in state or federal court dealing with the same
        facts involved in this action?

        Yes _____          No  ___X___

B.      If your answer to A is yes, describe each lawsuit in the space below including the
        exact plaintiff name or alias used.  (If there is more than one lawsuit, describe
        the additional lawsuits on another piece of paper, using the same outline.)

        1.      Parties to this lawsuit

                Plaintiffs: _____

                _____

                Defendants: _____

                _____

        2.      Court (if federal court, name the district; if state, name the county:

                _____

                _____

-1-

3.    Docket number: _____

4.    Name of judge to whom case was assigned: _____

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6.    Approximate date of filing lawsuit: _____

7.    Approximate date of disposition: _____

II.    **Place of Present Confinement:** Benton Co. Jail _____

_____

III.    There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. **Failure to complete the grievance procedure may affect your case in federal court.**

A.    Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

Yes _____          No ✗

B.    If your answer is YES, Attach copies of the most recent written grievance(s)/response(s) relating to your claims showing completion of the grievance procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

C.    If your answer is NO, explain why not: I was released on Parole And Did Not Find out About Rights Violations until A year After While on Parole was released 12-13-04 found out 4-4-2006 Comming back on Parole Violation 9-21-0

IV.    **Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

A.    Name of plaintiff: Raymond Setzke _____

Address: Benton Co. Jail 1300 S.W. 14th Bentonville, Ar, 72712

-2-

(In Item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B.    Defendant: LARRY Norris

Position: Director of ADC

Place of Employment: Ark. Dept. Corr.

Address: Pine Bluff Ark.


Defendant: unKnown Warden at Grimes unit in 2004

Position: Warden

Place of Employment: Ark Dept Corr Grimes Unit

Address: NewPort, Ark.


Defendant: unKnown Woman in front office Doing releas in 2004

Position: ?

Place of Employment: Ark. Dept. Corr. Grimes Unit

Address: NewPort, Ar


Defendant: unKnown Person Head of ACIC

Position:

Place of Employment: ACIC

Address: Little Rock, Ar


Defendant: Person Named Ron ahead of offenders Regist in

Position: Supervisor of Registering offenders

Place of Employment: ACIC

Address: Little Rock, Ar


-3-

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

The Plaintiff- Who WAS Granted Parole by the Parole Board WAS Called to the head office of The Grimes Unit And Seen A Woman Who Wanted Signatures on Papers before His release the Next Day on 12-13-2004 the Lady Stated That I WAS A Sex offender And I need to Sign These Papers To Register, I said The charge you're Speaking of happend In Illinois In the Beginning of 1981 And there WAS No requirement to register and Arkansas Had Nothing to do With this, Besides Arkansas Laws Don't Apply to me. At this Time She Stated If I Want to Get out of Prison you need to Sign, I said What Are they? She Stated Its to register and If youre court Disposition Says you Don't have to register then you have nothing to Worry About. A year or So later my Daughter is looking on the Computer And Low and Behold Theres my Picture

4

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

on the Computer She States it Say's a 10 yr upDate, and it Shows As if I'm a repeat offender, yet it also shows the Law Does not Apply to me. I was So mad Because I now Was Lduing in the County that Charge Originated from in Illinois and I Knew for a fact my mug was Not Suppose to be on there Because of this, I Lost Custody of my 2 younger Daughter, had Police Sueround my house with Guns, told about this to my neighbors and Embarrassment for All my Children, Grand Children. the Plaintiff States that A Violation of Rights and Statues is Crimminal you Cannot By Any means of Law take a 1981 Conviction and make it a 1991 I also Wonder If a Scan Was Done on My Signature In An Order to Place it on Other Documents Where's the Originals? I was told that this is Happining there At Grimes Unit.

4

Revised 5/2007

Larry Norris. Is The head of the Arkansas Dept. of Corrections, He Has Knowledge of All his Prisons And What Goes on In Them, It is his Job to Know He Fails to Train And Supervise his employees in a Proper release, when They are Deliberate and Indifferent When Violating Parolees Due Process rights, and Coeiring Signatures from ME before I'm released from And Scanning MY signature for future use And placing MY Picture on the registered sex offenders List When The Law Does not APPly to ME.

The Unknown Warden: Is head of his Grimes Unit for the ARK. Dept. of Corr. He has Knowledge of everything That happens In his prison - It is his Job to Know this Warden Fails to Train the Woman In The front office, And Fails to Supervise Her When She Coeirces Signatures from Parolees refusing My release unless I sign to be Registered sex offenders Where The Law does not apply to ME, Violating Due Process, Statues and scanning my Signatures for future use

the Unknown Woman: in the front office Doing releases Is Deliberate and Indifferent When She Violates Parolees rights to Due Process By coeirang Signatures By refusing release, And Signing me to be a registered sex offender when the Law Does not apply to ME And Scaning MY Signatures for future use

The Unknown Head of ACIC. Is head of The Whole ACIC, And has Knowledge of everything that Goes on There. ACIC Works With Law enforcement and prison officials, The Head of ACIC has the Power to Change Things that he is In Charge of He Fails to Train, and Supervise his Subordinate Ron Head of Sex offender Registration enterd my Pictures and Registerd me As a sex offender even When it was plain to see The Law Did not Apply to me The Unknown Head of ACIC has failed to Train and Supervise Which Resolted in Violating my Due Process Rights

Ron The Unknown Head of Registerd Sex Offenders: is Deliberate and Indifferent When He Registered The Plaintiff As A Sex Offender on the Internet Even though he Could plainly see the Laws Did not Apply to me, even After Speaking with him by phone He failed to Acquiese, He is Deliberate, and Indifferent When Violating my Due process Rights even though The Law Does not Apply to me.

**V.     Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Considering all the losses of the Plaintiff and His family Due to this violation The Plaintiff Demands $50,000,000 IN Compensary and Punitive The Removal of Picture etc from ACIC Inter net For ACIC and ADC Have the Fed courts go Thru All Records Looking for others who They've Done This too. And Fed Probation Indefinately

**VI.**     The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___ day of __Oct__, 20_07_

_____
(Signature of plaintiff or plaintiffs)

__Raymond Setzke__
(Print name)

__119843__
(I.D. Number)

__Benton Co, Jail__
__1300 SW 14th__
__Bentonville, ARK__
(Address)
__72712__

6

Revised 5/2007

# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**35 EAST MOUNTAIN, ROOM 510**                    **(479) 521-6980**
**FAYETTEVILLE, ARKANSAS 72702**                    **FAX (479) 575-0774**

April 30, 2008

RE: Raymond Setzke vs. Larry Norris, et al     07-5186

Dear Mr. Setzke,

As you will note from the enclosed order, the Magistrate has ordered the U. S. Marshal to serve your complaint or petition on defendant/defendants and has given him/them twenty (20) days in which to file an answer or response.

You will receive a copy of the answer from the attorney for the defendant at the time it is filed in our office. Since you may also now be filing pleadings in this case, I want to call your attention to some of the Court's requirements.

1. Advise the Clerk's office of any change of address should you be moved to another prison or jail facility or should you be released from incarceration. Failure to keep us advised of your current address may result in dismissal of your complaint.
2. Write the case number on any pleading sent for filing..
3. Use letter-size paper for all pleadings.
4. Provide an original and one copy of each pleading to the Clerk's office. The copy can be one that is handwritten, but it must be worded exactly like the original. If you want a file-marked copy of the pleading returned to you, you must send an original and two copies to us.
5. Serve a copy of each pleading upon the attorney for each of the defendants. You must attach a certificate of service to each pleading sent to us for filing stating that you have mailed a copy of the pleading to defendant(s)' counsel and indicating the date when the pleading was mailed.

Failure to comply with these instructions may result in pleadings being returned to you unfiled..

Sincerely,

CHRIS R. JOHNSON, CLERK

By: Teri Gunderson, Deputy Clerk

**Other Documents**
5:07-cv-05186-JLH-JRM Setzke v. Norris et al
CASREF, SMG

## U. S. District Court

## Western District of Arkansas

**Notice of Electronic Filing**

The following transaction was entered on 4/30/2008 at 11:49 AM CDT and filed on 4/30/2008
**Case Name:**          Setzke v. Norris et al
**Case Number:**      5:07-cv-5186
**Filer:**                   Raymond Setzke
**Document Number:** 32

**Docket Text:**
**SUPPLEMENT by Plaintiff Raymond Setzke to [1] Complaint Referred (42:1983). (tg)**

**5:07-cv-5186 Notice has been electronically mailed to:**

**5:07-cv-5186 Notice has been delivered by other means to:**

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=4/30/2008] [FileNumber=272451-0]
[0fd5657f99b9dbee9c5498db3dd48b9072969eab547330332b8e83486f49c6bb37d4
b2d00f2b6c0a3477608e7c70ceabf15c9204f024ca6dfdd6fc9e22ee5581]]

IN The United States District Court
Western District of Arkansas

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 07 2007
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

Sefeke                                                          Plaintiff

V                              Case # 07-5186

Norris, and ACIC                                               Defendant
Individual & official cap.

### Motion to Amend Complaint

Comes Now the Plaintiff for his Motion to Amend his
Complaint, Request From This Court To Grant His Motion

### Amended Complaint

Comes Now the Plaintiff for His Amended Complaint
Alleges And States the Following;

1. The Plaintiff Wishes to Add defendants Since it Deals With
   the Same Issues As the Above Case (In their Individ, official cap.

2. The Plaintiff Wishes to Add Kieth Ferguson Sheriff of Benton
   county, Deputy Spees, Deputy Jensen, Captain Petray,
   Unknown Lt. And Reserves the right to Add more, As We
   Fine Out Who They Are As This Proceeding may GO ON

3. On Nov 3, 07 the Plaintiff is not Let out for Rec- by Deputy
   Spees, Later He Finds out By Deputy Jensen They Have the
   Plaintiff Re Classified After being Here At Benton Cty for 1 mo.
   And ½ Already — As A registered Sex offender Though the Laws
   Do Not Apply to me. The Plaintiff feels This is retalitory
   Conduct do to His proceeding 07-5185 Against the Sheriff

4 Benton Cty Deputies Spree, And Jensen Have the Plaintiff Isolated With No Cell-mate, Rec by Himself, the Plaintiff States He Has been Comming to this Jail For 8 yrs And Has Always ~~Have Only~~ Been IN Gen Population, Further- I Told them to Look that the Law Does Not Apply to me this is a Recent event Due to the Law Suit Against the Sheriff the Plaintiff Further States that Benton County Jail Also Is Stopping him from being transported to ADC

✳ Deputies Spree & Jensen Are Deliberate and Indifferent When Classifieing the Plaintiff As a Registered Sex offender even though the Law Does Not Apply to me - that this is a form of Retalitory conduct Due to case #07-5185 they All are Aware this charge Was 28 yrs Ago In Another state they Violated the Plaintiffs Due Process rights Since they Know these Laws Don't Apply to me and Should Not be Segregated Due to this, the Plaintiff States He Feels from their Information they Must be Openning the Plaintiffs Mail being Sent to this Court on case #07-5186 setske Norris

✳ Captain Petray, And unknown Lt. Fail to Train and Supervise their Subordinates in Classifieing the Plaintiff, and that they Violate the Plaintiffs Due Process rights by letting

them Classifis Him As A Registred Sex Offender even

though the Laws Do Not Apply To me, And this Change

Was 28 yrs Old In A Different State, Plus the Plaintiff is

only Here on A Parole Violation for theft, These Supervisers

Allow Retalitory Conduct And Anybody Could See this they Are
Deliberate And Indifferent

✳ Sheriff Kieth Ferguson Fails to train, And Supervise, He is

Sheriff of Benton Cty And Knows All that Goes on in His

Jail, It is His Job to Know, He Has the Power to Change

things yet fails to When His Subordinates Are Deliberate

And Indifferent When He Lets them Violate the Plaintiff:

Due Process rights By Classificing Him As A Registkd sex

offender even though the Laws Don't Apply to the Plaintiff

He also Allows His Subordinates to use Retalitory Conduct

Due to Case 07-5185, All this Started Since the Jail

Recieved the Clerks Order to Deduct From my Account

the Filing Fees And Seen the Name on the Suit the

Plaintiff Has Been Comming to this Jail for 8yrs, And

Has Been Here this time 1½ mos. I was Already Classified

1½ mos. AGO, Never Has this Happend

✳ Relief: $50,000,000 Compensary & Punitive, That All Who
Are Envolued Be terminated from Gov Employment.

↳ Truth Under        11-3-07        Respectfully Submitted
18 USC § 1621                                    Raymond Sottle

**Other Documents**

<u>5:07-cv-05186-JLH-JRM Setzke v. Norris et al</u>

CASREF, SMG

# U. S. District Court

## Western District of Arkansas

**Notice of Electronic Filing**

The following transaction was entered on 4/30/2008 at 11:52 AM CDT and filed on 4/30/2008

**Case Name:**           Setzke v. Norris et al
**Case Number:**        <u>5:07-cv-5186</u>
**Filer:**                     Raymond Setzke
**Document Number:** <u>34</u>

**Docket Text:**
**SUPPLEMENT by Plaintiff Raymond Setzke to [1] Complaint Referred (42:1983). (tg)**

**5:07-cv-5186 Notice has been electronically mailed to:**

**5:07-cv-5186 Notice has been delivered by other means to:**

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=4/30/2008] [FileNumber=272457-0]
[c3c1eb6be0f208e6f80dc6c282b275c8cf2352dcb0b76cc7c5a1b058ab9a07ef00b8
a2192400ff1b55fb0adb87a089cbc50308303199daa759b77b711d982ef6]]

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 28 2007

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

, Plaintiff Setzke

v.

Defendant LARRY NORRIS, ACIC
RECEIVED Dept. Com. Corrections
WD/AR   FerGuson
DEC 21 2007
U. S. CLERK'S OFFICE

Case Number: 07-5186

Judge: Hendeen

MOTION to
AMEND
Amended Complaint

Comes Now the Plaintiff, And For His Amended Complaint Alleges;

1. That The Plaintiff Alleges More Claims Against ADC, And the ACIC, And the Dept. of Community Corrections

2. That Due to ADC. And ACIC Putting the Plaintiff on the Internet As A Registered Sex offender when the Law does Not Apply to him, that When Released It Created A Serious Risk of Harm to be Assaulted, Ridicule, OR possibly even Killed, And to make the Plaintiff Register As A Sex offender When the Laws Do Not Apply to him Implys this Was A Deliberate Act to harm him, and Also Denis him life, liberty, And Property, By All Defendants Named from ADC, and the ACIC. This Also Fall Into the Context of Double Jepordy

3. That The Dept. of Community Corrections In Bentonville, All Defendants Named Did Not Seek to Correct the Matter, OR Seek Protection for their Client, When their Client Was Wrongly Registered As A Sex offender, When the Law did Not Apply to him Instead, these Defendants Advocated the Actions of ADC, and ACIC. Knowing the Plaintiff Was free from Arkansas Law that Did Put their Client In Harms Way, And Also Denied him life, liberty, and Property, and With their Knowledge Also Denied Protection Against Harm. This Also Fall Into the Context of Double Jepordy,

4. That The Plaintiff Alleges these Claims Against All Benton County Jail Defendants

5. That Due to ACIC, ADC, Dept of Community Corrections, the Benton County Jail has the Plaintiff Classified As A Registered Sex Offender, that the Plaintiff Was Arrested on this Charge 28 years Ago In Another State, that this Charge has No Penelogical Purpose for this Jail, that Inmates At the Jail are Oblivious to 28 yrs Ago In Illinois, and the Plaintiff Would Not Need P.C. By All Logic, that The Jail Defendant Classified the Plaintiff With Sex Offenders that Are here And Current Charges In An Order for Other Inmates to View the Plaintiff As A Sex offender, that Puts the Plaintiff In Harms Way, this Was done only Due to the Plaintiffs 1983 Action Against Benton County Jail Defendants and Deputy Reyes, When Reyes Assaulted the Plaintiff they Fail to Protect the Plaintiff by Putting him In Harms Way. So

When He leaves Benton County Jail to Get transported to ADC, that Inmates At the Benton County Jail Will Inform ADC Inmates that the Plaintiff Is A Sex Offender, and that he had Recreation With P.C. Sex Offenders. The Purpose to Segregate Sex Offenders and offer them P.C. is Due to Media Exploitation. The Plaintiff Never Requested P.C. and Doesn't Need P.C. Due to A Charge being 28 yrs. Old In Another State. The Plaintiff is here for A Parole Violation on A theft charge, and for Benton County Jail to Classifie the Plaintiff and Put him With Sex Offenders has No Penelogical Purpose other Than Maliciousness.

The Plaintiff thinks Lt. Carter Was A Deputy at Washington Co. Jail When the Plaintiff Was there In 2004, and filed A 1983 on the Jail, and then on Coker and K-9. This all Falls under the Context of Double Jepordy.

Lt. Carter Works at Benton County Jail, and Gave the Order to Classifie the Plaintiff this Way - States Deputy Spice Is Washington County Jail the Reason the Plaintiff Was forced At ADC to Sign Papers to Register before being released?

The Plaintiff States that He Cannot Add More of Benton Co. Jail Defendants until He is transported to ADC, that the Plaintiff requires the Date of leaving Benton Co. Jail In An Order to hold them Responsible for everyday, every Shift, And the Position they Put Him In At ADC for Putting Him In harms Way For A Charge 28 yrs Ago In Another State that Arkansas Law Don't Apply to the Plaintiff Reserve the Right to Add Defendants

I Declare under Penalty the foregoing is true And Correct under 18 USC § 1621

Respectfully Submitted

~~~signature~~~ Date 12-17-07

Johnny Robbins
Inmate Rape Charge
WAS A TRUSTEE

Case 1:08-cv-03094   Document 1   Filed 05/27/2008   Page 37 of 66
Case 5:07-cv-05186-JLH-JRM   Document 34   Filed 04/30/2008   Page 3 of 3
Case 5:07-cv-05186-JLH-JRM   Document 19   Filed 12/28/2007   Page 3 of 3



```
MIME-Version:1.0
From:NEF@arwd.uscourts.gov
To:NEF@localhost.localdomain
Bcc:Sherry_Gilbertson@arwd.uscourts.gov, JLHinfo@arwd.uscourts.gov,
Gail_Garner@arwd.uscourts.gov, JRMinfo@arwd.uscourts.gov
Message-Id:<272456@arwd.uscourts.gov>
Subject:Activity in Case 5:07-cv-05186-JLH-JRM Setzke v. Norris et al Supplement
Content-Type: text/html
```

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

<div align="center">

**U. S. District Court**

**Western District of Arkansas**
</div>

**Notice of Electronic Filing**

The following transaction was entered on 4/30/2008 at 11:51 AM CDT and filed on 4/30/2008

**Case Name:**         Setzke v. Norris et al
**Case Number:**    5:07-cv-5186
**Filer:**                 Raymond Setzke
**Document Number:** 33

**Docket Text:**
**SUPPLEMENT by Plaintiff Raymond Setzke to [1] Complaint Referred (42:1983). (tg)**

**5:07-cv-5186 Notice has been electronically mailed to:**

**5:07-cv-5186 Notice has been delivered by other means to:**

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=4/30/2008] [FileNumber=272454-0]
[dc822c8a8f2449090b194f1197040ce2b2f3a98a574902b9748dbf4f2b5c8b810292

Case 1:08-cv-03094    Document 1    Filed 05/27/2008    Page 39 of 66

Case 5:07-cv-05186-JLH-JRM    Document 33    Filed 04/30/2008    Page 1 of 9
Case 5:07-cv-05186-JLH-JRM    Document 8    Filed 11/15/2007    Page 1 of 9

Dear Ms. Xest,

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 15 2007  11-8-07
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

Today Nov 8th 2007 2nd Shift mail call, Deputy Fry
Who opend my Legal mail from you - Sending
Me Back my file-marked Copy of My Amended
Complaint, As He Opend my mail he scanned
very long at every page to see What it
Contained, This Was the Samething that happend
When the Clerks of DuPage County Illinois sent
Me those Dispesitions for evidence, I have yet
to Get A file marked Copy Back of those
yet, Please Inform the Judge they Are reading
my Legal mail, And If there is anyway He
can Order ADC to Come pick up their prisoner
So I feel More Confident About my privacy
About my Legal Stand point on My Cases, It is
Elegal to Read my Legal mail!! They Do It
Right In front of me, I hope you have
those Dispesitions from Illinois, It is funny
When It came to the mail from my wife He Didht Thank you
even Look, But the  ~~~~~
Legal mail He Read It, I
feel unSafe Because of Staff,
~ youve known me with the courts
for Some time I'm Not Going to Lie

In The United States District Court for the
Western District of Arkansas

Setzke                                                    Plaintiff

    v-                    Case # 07-5186

Norris, ACIC  Individal                          Defendant
Ferguson, etal  Official Capasity
Dept of Community Corrections

## Motion to Amend Complaint

Comes Now the Plaintiff With his Pro-Se Amend
Complaint request this Court to Grant His motion

### Amended Complaint to Ada Due Process Charges

The Plaintiff States that ACIC and Benton Cty Jail,
And the Dept of Corrections Have Knowledge of the Law
Concerning Sexual Offender Registry and Know the Law
Does Not Apply to the Plaintiff, yet they fail to Remove,
from, Classifie Him As (A Registerd Sex Offender) the
Plaintiff States that anyone Acting on the ACIC's
Information Wherever it Comes from, Conspires to
Intentionally, Deliberately and Indifferently Deprive
the Plaintiff of His Due Process Right every time
they Come back to Work and Refuse to Remove from,
And Classifie Him As (A Registerd Sex Offender)
E-102 Pod

1. On Nov 5th 2007 1st Shift Deputies Dowdle, and Richie act on
the ACIC's Information, and Conspire Due to this Infor-
mation, And Knowing the Laws In ARK. Deprive the
Plaintiff of His Due Process Rights And Classifie him At
the Jail as A Registerd Sex Offender When the Laws Do
Not Apply to him for A Charge 28 yrs Ago In Illinois
the Plaintiff is Isolated, and Gets No Return Mail Today
the Plaintiff is Here on A Parole Violation for theft

2nd Shift Pod

2. On Nov. 5th 2007 Deputies Thompson, and A Hendresky 2nd Shift, Act on the ACIC's Information, And Conspire Due to this Information, And Knowing the Laws In ARK. Deprive the Plaintiff of His Due Process Rights, and Classifie him At the Jail As A Registered Sex Offender When the Laws Do Not Apply to him for A Charge 28 yrs Ago In Illinois. The Plaintiff is Isolated In A cell and Gets to Recreation alone Day the Plaintiff is here On A Parole Violation for theft.

E-102 Pod

3. On Nov 6th 1st Shift Deputies McDanials, and Spree Again Act on the ACIC's Information, And Conspire Due to this Information, And Knowing the Laws In ARK. Deprive the Plaintiff of His Due Process Rights and Classifie him At the Jail As A Registered Sex Offender When the Laws Do Not Apply to him for A Charge 28 yrs Ago In Illinois. The Plaintiff is Isolated In A cell And Get Recreation Alone. The Plaintiff is Here on A Parole Violation for theft.

The Plaintiff States that on Sept 20th 2007 He is brought to the Jail from Illinois By Trans Corr. He is Classified and Sent to Gen. Population. the Plaintiff Is In D Pod for An hour, And Is So tired from 7 days of transport tell's the Control officer He Has Hep C, He is then Brought to E-102 A PC medical Pod the Plaintiff has Been Here Classified With Hep C Inmates for 1½ mos, until oct4, 2004, After they here of the Plaintiffs Law Suit Against Ferguson, then He is Classified As A Registred Sex Offender When the Laws Don't Apply to him, the Plaintiff States He's Come to this Jail on and off for 8 yrs, and It Is Now they Do this to him, the Plaintiff Now Continues to Add Defendants

—4. On Nov 6th 2007 2nd Shift Deputy Heard, and one unknown Act (woman)
on ACIC's Information, and Conspire With ACIC, and Know-
ing the Laws in Ark. Deprive the Plaintiff of His Due Process
Rights, and Classifie him As A Registerd Sex Offender
When the Laws Do Not Apply to the Plaintiff for his
Change 28 yrs Ago In Illinois. the Plaintiff is Kept
Isolated In His Cell and Gets Rec Alone When they Give
It to him. the Plaintiff is Here on A Parole Violation for
theft.

5. On 6-5-06 Police In Warrenville IL Arrested the Plaintiff With
hopes of Confirming A Warrent For Parole Violation on the
ACIC However, It Could Not be Confirmed and the Plaintiff
Was released. there Was An exchange of Information With
Warrenville P.D. and the Plaintiffs Parole officer Mark Bernthal
and ACIC that the Plaintiff Was A Registerd Sex Offender
Here Mark Bernthal, and ACIC Know the Laws of Arkansas
yet deprive Him of His Due Process Rights and Reffer to
Him to Warrenville PD. As A Registerd Sex Offender When
the Laws do Not Apply to the Plaintiff, Warrenville P.D.
Had Thought It Was Other than A Charge from ILL Because
they Know the Law and Know It does Not Apply to me, this
Was for A Change 28 yrs Ago In Illinios.

6. Mark Bernthal, and Leanne Baker Were the Plaintiffs Parole
officer, And Know that the Plaintiff Shalld Not Be on
the ACIC As A Registerd Sex Offender When the Laws
Do not Apply to him they Are Deliberate When they Allow
the Plaintiff to be A Registerd Sex Offender Knowing
It Deprives Him of His Due Process Right to be free
From Registering, yet Fail to Correct this Problem With
ACIC. they Know of the Charge In Illinois 28 yrs

~ Also And that the Law does Not Apply to the Plaintiff

7. the Unknown Supervisor at the Benton County Community
Corrections is Mark Bernthals, And was Leanne Bakers
Supervisor, He Has Control of his office and everything
that goes on there, they Work Under color of state
With entities like ACIC and have the Power to Change
things He Knows the Laws, and Knows the Plaintiff
Should Not Be Registerd As A Sex Offender but fails
to train His Subordinates In Correcting Information In
the Plaintiffs file With ACIC for Laws that dont apply
to their Client And Should Not Be Registered As a sex
Offender. In this He Violates the Plaintiffs Due Process
Rights When the Law Does Not Apply to the Plaintiff
E-182 Pod

8. on Nov 6th 2007 1st Shift Sgt. Vaughn Acted on ACIC's Inform-
ation and Conspires With them, And Knowing the Laws of Ark.
Deprive the Plaintiff of His Due Process Rights and Allow
His Subordinates to Classifie the Plaintiff As A Registerd
Sex Offender even though the Law does Not Apply to the
Plaintiff And Should Not be registerd As a Sex Offender
Not only Does He Intentionally Violate the Plaintiffs
Rights, But He fails to train His Subordinates In
Classifieing Correctly, And traying to Correct the matter
With ACIC.

9. In Approx March, or April of 2006 Warrenville PD respond
to A Call from DCFS Where they Went to Johnson School
And took the Plaintiffs Daughter Due to Warrenville PD
And the Plaintiffs Parole officer, Whether it Be Mark

Bernthal, or Leanne Baker the Plaintiff Doesn't Know, However Due to the Information from ACIC, and the Parole officer When talking to Warrenville PD and Defs that They Were told the Plaintiff Was a Registered Sex Offender, At this time the Plaintiffs Daughter Was Taken And Police, and Defs Were measuring from the Plaintiffs House he owned and the School Across the Street to see If the Plaintiff may Get charged With a Felony So many Feet from a School a Registered Sex Offender. Later on Police Came back to the Plaintiffs house to See If he Was Home, They had his house Surrounded With Guns Drawn, At the Time - Warrenville PD. Did Not Know It Was the Charge Back in Illinois in 1981 Because the Information made the Plaintiff Look as a Current Registered Sex Offender, the Warrenville Police Knew the Law Did Not Apply to me yet, the State of Ark, ACIC, and my Parole officer made it look Like I Was a Current Registered Sex Offender to them. ACIC, and my Parole officer are Guilty of Intentionally, and Deliberately Violating the Plaintiffs, and the Plaintiffs Daughters Rights to Due process When the Plaintiff Should Not Have Been Registered as a Registered Sex Offender. This Was Spread to the Plaintiffs Neighbors His Daughters (all of them) Friends and Family In Town, the Plaintiff States That the ACIC, and the Parole officer Conspired to Deprive these Rights Intentionally

10    E-102 Pod 1st Shift on Nov 7, 2007 this Unknown Deputy Unknown, and the other unknown Deputy Do Not Violate the Plaintiffs Rights this Day, However, the Plaintiff feels this Problem is yet Solved Being Classified

As a Registered Sex Offender though the Plaintiff may still be Classified as a Registered Sex Offender, He did Go to Rec With the regular "head" Inmates, that's how they are Classified

### Richie

11. E-102 Pod / 1st Shift, on Nov 8th 2007 Deputy Collins, and the unknown female Deputy Act on ACIcs Information and Conspier with ACIcs, and knowing the Laws in Ark, Deprive the Plaintiff of his Due Process Rights, And Classifie him as a Registered Sex Offender When the Laws Do not apply to the Plaintiff for his Charge 28 yrs Ago in Illinois the Plaintiff is kept Isolated in his Cell, And Gets Rec Alone When they Give It to him. the Plaintiff is here on a Parole Violation for theft, Collins made a threat to me today - Something About I Should be in 149, I Got 30 min Rec

12. On Nov 8th 2007 the Plaintiff is told by Deputy Collins that It was the unknown Lts Order that he Be Classified as A Registered Sex Offender, this unknown Lt. is Also Guilty everytime his Deputies Deprive the Plaintiff of His Due Process Rights When He Has the Power to Change things In this Jail But refuses to, He Conspires With Acte to Classifie the Plaintiff as a Registered Sex Offender, When the Laws Do Not Apply to him For A Charge 28 yrs. Ago In Illinois, the Plaintiff is here for Parole Violation on a theft the Plaintiff tries to tell All Defendants of the problem, But refuse to Listen the Plaintiff Reserves the Right to Add more Defendants I am Marked as a trouble maker Because I file 1983's Under Penalty of Perjury under 18 USC § 1621 the fore Going Is true

Respectfully Submitted

Ramonel ____

11-8-07

7

Defendants
Deputy Dowdle
"      " Richle
"      " Thompson
"      " A Hendresky ← wrong spelling
"      " mcdaniels
"      " Space
"      " Collins
"      " unknown Lt. ~~collie~~ (Carter) I Think
"      " Cap. Petrey
"      " Sheriff Kieth Ferguson
"      " Heard
"      " unknown Deputy on 2nd Shift Nov 6th 2007 IN E-102 Pod
"      " unknown Deputies on 1st Shift Nov 7th 2007 IN E-102 Pod
"      " unknown female Deputy on 1st Shift Nov 8th 2007 IN E-102 Pod
"      " SGt Vaughn

Address of the Above Defendants
Benton Cty Sheriff Jail
1300 SW 14th Bentonville ARK, 72712

Case 1:08-cv-03094    Document 1    Filed 05/27/2008    Page 47 of 66

Case 5:07-cv-05186-JLH-JRM    Document 33    Filed 04/30/2008    Page 9 of 9
Case 5:07-cv-05186-JLH-JRM    Document 8    Filed 11/15/2007    Page 9 of 9



R. Sotake
300 SW 14th
Bentonville, AK,
72712

INMATE MAIL

Legal Mail

Attention Staff



United States District Court
Western District of Ark
36 E. Mountain, or Rm, 510
Fayetteville, AK, 72702



US POSTAGE

```
MIME-Version:1.0
From:NEF@arwd.uscourts.gov
To:NEF@localhost.localdomain
Bcc:Sherry_Gilbertson@arwd.uscourts.gov, JLHinfo@arwd.uscourts.gov,
Gail_Garner@arwd.uscourts.gov, JRMinfo@arwd.uscourts.gov
Message-Id:<272456@arwd.uscourts.gov>
Subject:Activity in Case 5:07-cv-05186-JLH-JRM Setzke v. Norris et al Supplement
Content-Type: text/html
```

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### U. S. District Court

### Western District of Arkansas

## Notice of Electronic Filing

The following transaction was entered on 4/30/2008 at 11:51 AM CDT and filed on 4/30/2008

**Case Name:**       Setzke v. Norris et al
**Case Number:**     5:07-cv-5186
**Filer:**           Raymond Setzke
**Document Number:** 33

**Docket Text:**
**SUPPLEMENT by Plaintiff Raymond Setzke to [1] Complaint Referred (42:1983). (tg)**


**5:07-cv-5186 Notice has been electronically mailed to:**

**5:07-cv-5186 Notice has been delivered by other means to:**

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=4/30/2008] [FileNumber=272454-0]
[dc822c8a8f2449090b194f1197040ce2b2f3a98a574902b9748dbf4f2b5c8b810292

**Other Documents**
5:07-cv-05186-JLH-JRM Setzke v. Norris et al
CASREF, SMG

U. S. District Court

**Western District of Arkansas**

**Notice of Electronic Filing**

The following transaction was entered on 4/30/2008 at 11:56 AM CDT and filed on 4/30/2008
**Case Name:**    Setzke v. Norris et al
**Case Number:**    5:07-cv-5186
**Filer:**    Raymond Setzke
**Document Number:** 35

**Docket Text:**
**SUPPLEMENT by Plaintiff Raymond Setzke to [1] Complaint Referred (42:1983). (tg)**

**5:07-cv-5186 Notice has been electronically mailed to:**

**5:07-cv-5186 Notice has been delivered by other means to:**

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1094675213 [Date=4/30/2008] [FileNumber=272462-0]
[391f3a059a56ac5e08f1c6840bc165a9e0059596bf06654c371c45d819658c5471de
1004a6849ef11f1db6bf4e03fad62b7eae450971063a630b35f2562298ee]]

Case 5:07-cv-05186-JLH-JRM     Document 28     Filed 04/01/2008     Page 1 of 1

IN the United States District Court Western District of Arkansas

WESTERN DISTRICT ARKANSAS
FILED

APR 04 2008

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

Satzke     Plaintiff     BY )
                                    )
                    V.              )     Case # 07-5186
                                    )
Norris Etal     Defendant           )     Judge Hendren
                                    )     Jury Trial Demand

Motion to Amend Complaint

1. The Plaintiff has more to Add In Which Deals With the Registery In Arkansas.

2. Though the Law Is Not Retroactive to the Plaintiffs Charge 28 years Ago In Illinois.

3. That by Placing the Plaintiff on a World Wide Internet, and National, even If the Acts of 97 Were to Apply, Is unConstitutional to be broadcast to Other States Where Laws Are Different, Retroactivity Different, or States that Dont even have A Registery

4. That If A Persons Abode Is In the State of Registery, the Registery must Stay With In that State and Is unconstitutional to Broadcast It out of that States Lines Where Other Laws may or may not Apply, this Is Where the Plaintiffs Claim takes him To All States of Broadcast.

5. However, Be It As It may the Laws Infact Are Not Retroactive to the Plaintiff anyway and the Plaintiff Is on the Registery Illegally.

Respectfully Submitted

3-24-08

**Orders on Motions**
5:07-cv-05186-JLH-JRM Setzke v. Norris et al
CASREF, SMG

## U. S. District Court

## Western District of Arkansas

**Notice of Electronic Filing**

The following transaction was entered on 4/30/2008 at 11:07 AM CDT and filed on 4/30/2008
**Case Name:**        Setzke v. Norris et al
**Case Number:**      5:07-cv-5186
**Filer:**
**Document Number:** 31

**Docket Text:**
**ORDER denying [25] Motion for Relief; finding as moot [26] Motion for Order; denying [27] Motion to Amend/Correct; granting [28] Motion to Amend/Correct; granting [29] Motion to Compel; denying [30] Motion for TRO; finding as moot [2] Motion to Extend; granting [4] Motion to Amend/Correct; denying [5] Motion for Order; denying [7] Motion to Review; granting in part and denying in part [8] Motion to Amend/Correct; finding as moot [11] Motion for Relief; denying [17] Motion to Appoint Counsel ; denying [18] Motion to Compel; granting [19] Motion to Amend/Correct; denying [22] Motion to Compel; denying [23] Motion to Amend/Correct; denying [24] Motion to Amend/Correct; ORDER DIRECTING SERVICE on Keith Ferguson, Spree, Jensen, Petray, Carter, Mark Bernthal, Leanne Baker, Area Manager or Supervisor, Paula Stitz, Larry Norris, John Maples, Charles Pruitt and Arkansas State Attorney General and granting 20 days to answer. Signed by Honorable James R. Marschewski on April 30, 2008. (tg)**

5:07-cv-5186 Notice has been electronically mailed to:

5:07-cv-5186 Notice has been delivered by other means to:

Raymond Setzke
119843
ADC - EAST ARKANSAS REGIONAL UNIT
P. O. Box 180
Brickeys, AR 72320-0180

The following document(s) are associated with this transaction:

**Document description:** Main Document

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAYMOND SETZKE                                                              PLAINTIFF

v.                                    Civil No. 07-5186

LARRY NORRIS, Director, Arkansas
Department of Correction; WARDEN,
GRIMES UNIT, Arkansas Department
of Correction; JANE DOE, Working Release in
2004, in the Grimes Unit; ARKANSAS
CRIME INFORMATION CENTER (ACIC);
RON DOE, Supervisor, Offender Registry, ACIC                              DEFENDANTS

## ORDER

Plaintiff, Raymond Setzke, currently an inmate in the Arkansas Department of Correction

(ADC), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and

*in forma pauperis*. Setzke names as defendants the following: Larry Norris, the Director of the

Arkansas Department of Correction, Pine Bluff, Arkansas; the individual who was the Warden

of the Grimes Unit of the Arkansas Department of Correction in Newport, Arkansas, in 2004;

Jane Doe, an unknown woman working in the front office of the Grimes Unit of the Arkansas

Department of Correction in 2004; the Arkansas Crime Information Center (ACIC), Little Rock,

Arkansas; and Ron Doe, the Supervisor of the Offender Registry of the ACIC, Little Rock,

Arkansas.

According to Setzke, on December 13, 2004, he was granted parole from the Arkansas

Department of Correction and was being released from the Grimes Unit. However, before he

could be released, he was told by some lady in the front office that he would have to sign some

-1-

AO72A
(Rev. 8/82)

papers to register as a sex offender. Setzke alleges he protested because the charge she was referring to had occurred in Illinois in the beginning of 1981 and he maintained there was no requirement that he register in Arkansas. Further, Setzke indicates he stated that the Arkansas laws did not apply to him.

In response, Setzke states he was informed that he would not be released if he did not sign the papers. Setzke alleges he was told the papers were to register but if his court disposition said he didn't have to register he had nothing to worry about. A year or so later, Setzke maintains his daughter was looking on the computer and found his picture on there and it said it was a ten year update. As a result of his being a registered sex offender, Setzke alleges he lost custody of his daughter and suffered in various other ways.

Currently before me for decision are the following motions filed by the plaintiff: (1) a motion for leave for an extension of time  (Doc. 2); (2) a motion to amend or correct the complaint (Doc. 4); (3) a motion for an order of removal of sex offender classification (Doc. 5); (4) a motion for review of the Arkansas Crime Information Center (ACIC) website (Doc. 7); (5) a motion to amend or correct the complaint (Doc. 8); (6) a motion for relief (Doc. 11); (7) a motion for appointment of counsel (Doc. 17); (8) a motion to compel (Doc. 18); (9) a motion to amend or correct the complaint (Doc. 19); (10) a motion to compel (Doc. 22); (11) a motion to amend or correct the complaint (Doc. 23); (12) a motion to amend or correct the complaint (Doc. 24); (13) a motion for relief (Doc. 25); (14) a motion for order (Doc. 26); (15) a motion to amend or correct the complaint (Doc. 27); (16) a motion to amend or correct the complaint (Doc. 28); (17) a motion to compel service; and (18) a motion for order of protection or restraining order (Doc. 30). I will address each motion in turn.

-2-

***Motion for Extension of Time (Doc. 2)***

In this motion, plaintiff asks that the court delay serving the defendants until after mid-March of 2008 when he has made parole.    **The motion for is denied (Doc. 2) as moot.** The court notes plaintiff has now advised the court that he has made parole and has asked that service be directed on the defendants (Doc. 29).

***Motions to Amend or Correct the Complaint (Doc. 4, Doc. 8, Doc. 19, Doc. 23, Doc. 24, Doc. 27, Doc. 28)***

**In his first motion to amend the complaint (Doc. 4)**, plaintiff seeks to add as defendants Sheriff Keith Ferguson, Deputy Spree, Deputy Jensen, Captain Petray and a Lieutenant John Doe identified later by the plaintiff as Lt. Carter.   He maintains they are retaliating against him in a variety of ways because he filed a civil rights lawsuit against various individuals at the Benton County Detention Center, *Setzke v. Ferguson, et al.,* Civil No. 07-5185. Among other things, he maintains he has been isolated from other inmates, not let out for recreation, classified as a registered sex offender although the registration law does not apply to him, not transported to the ADC, and his legal mail has been opened.

**The motion (Doc. 4) is granted. The clerk is directed to file the motion to amend as the amended or supplemental complaint.   The clerk is directed to add Sheriff Keith Ferguson, Deputy Spree, Deputy Jensen, Captain Petray, and Lieutenant Carter as defendants.**

**In his second motion to amend or correct his complaint (Doc. 8),** contends Deputies Dowdle, Richie, Thompson, Ahendresky, McDaniels, Spree, Heard, Collins, unknown deputies from first shift, an unknown female deputy from second shift, Lt. Carter, and Sgt. Vaughn, all

-3-

conspired to deprive him of his Due Process rights and have him classified as a registered sex offender despite the fact that the sex offender registry laws do not apply to him. He maintains at the BCDC he is kept isolated in his cell and sent to recreation by himself although he is confined on a parole violation on a theft charge.

Plaintiff alleges that the Warrenville Illinois Police Department in March or April of 2006 responded to a call from the Department of Children and Family Services and went to the school and picked up his daughter. Plaintiff alleges his parole officer made it look to the Warrenville Police Department as if he were a current registered sex offender when all of the time the Arkansas registration was erroneously based on the twenty-eight year old Illinois conviction.

Plaintiff seeks to add as defendants Mark Bernthal and Leanne Baker, his parole officers and their supervisor, at the Benton County Department of Community Corrections. Setzke alleges Bernthal and Baker knew he should not be listed on the ACIC as a registered sex offender because they knew that Arkansas' law did not apply to Setzke.

Plaintiff also seeks to add a Double Jeopardy claim. He maintains that due to their requiring him to register as a sex offender, and their failure to correct his registration as an offender, he has been subjected to Double Jeopardy and denied protection from harm.

**The motion to amend (Doc. 8) is granted in part and denied in part**. Specifically, the motion is granted to the extent it seeks to add Mark Bernthal, Leanne Baker, and their Area Manager or Supervisor at the Benton County Department of Community Corrections as defendants and a Double Jeopardy claim. In all other respects, the motion to amend is denied. The remaining Benton County defendants Setzke seeks to add as defendants were not personally

-4-

involved in registering Setzke on the sexual offender database or assigning him to a given housing unit at the BCDC. Instead, Setzke is simply attempting to name them as defendants because they were deputies involved in the daily routines of the jail.

The clerk is directed to add Mark Bernthal, Leanne Baker, and the Area Manager or Supervisor at the Area 1–Bentonville Office of the Department of Community Corrections as defendants. The clerk is also directed to file the motion to amend or correct (Doc. 8) as an amended or supplemental complaint.

In his third motion to amend the complaint (Doc. 19), plaintiff maintains that because the ADC and ACIC put him on the Internet as registered sex offender when he is released he will be subjected to serious risk of harm of being assaulted, ridiculed, or even killed. He maintains all of the defendants have failed to take action to correct this injustice although they knew he was wrongfully registered as a sex offender. He states he was placed on protective custody in Benton County but would not have needed protective custody except for being labeled a sex offender.

The motion to amend (Doc. 19) is granted. The clerk is directed to file the motion as an amended or supplemental complaint.

In his fourth motion to amend or correct the complaint (Doc. 23), plaintiff states that he has now been moved to the ADC and desires to add more BCDC defendants. In his proposed amended complaint he asserts that from November 9, 2007, to December 21, 2007, first, second, and third shift deputies working E-102 pod at the BCDC violated his rights by placing him in protective custody without him having requested it, by classifying him as a registered sex offender although they knew that this classification was based on a twenty-eight year old conviction in Illinois, and by failing to correct his classification. Setzke maintains he explained

-5-

to jail staff the classification was erroneous. Setzke maintains defendants' actions violated his Due Process rights and the Double Jeopardy Clause.

**The motion to amend or correct the complaint (Doc. 23) is denied.** Setzke seeks to add as defendants all deputies working first, second or third shifts in E-102 between November 9, 2007, and December 21, 2007. These deputies were not personally involved in registering Setzke on the sexual offender database or assigning him to a given housing unit at the BCDC. Instead, Setzke is simply attempting to name them as defendants because they were deputies involved in the daily routines of the jail.

**In plaintiff's fifth motion to amend or correct the complaint (Doc. 24),** Setzke states his parole officers have changed his discharge date from May 10, 2009, to May 10, 2011. Setzke states he was told by Mark Bernthal on September 24, 2007, that his discharge date would stay the same, May 10, 2009, if he signed the waiver of hearing rights, but then once he signed it his discharge date changed to May 10, 2011. By failing to issue a warrant for Setzke's arrest until April 23, 2007, Setzke contends Bernthal's condoned Setzke's being in Illinois. Further, Setzke maintains Bernthal has done nothing to correct the registry problem so Setzke would be eligible to parole to transitional housing.

**The motion to amend the complaint (Doc. 24) is denied.** This proposed amendment involves the parole officer's alleged actions in connection with the preparation of a violation report and the issuance of court process and documents in connection with the same. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are

-6-

entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

**In his sixth motion to amend or correct the complaint (Doc. 27),** plaintiff states he seeks to add defendants and "changes." **The motion to amend (Doc. 27) is denied.** The proposed amended complaint appears to be nothing more than a restatement of the allegations already contained in the prior amended complaints. While plaintiff does mention some additional individuals including Deputies Dowdle, Richie, Thompson, Ahendresky, McDaniels, Collins, Heard, an unknown female deputy on second shift on November 6, 2007, unknown deputies on first shift on November 7, 2007, an unknown female deputy on first shift on November 8, 2007, and Sergeant Vaughn, he does not allege that any of these individuals were personally responsible for classifying him as a sex offender or assigning him to a particular housing unit at the BCDC. Instead, he merely alleges he protested his classification and his housing unit and they failed to take corrective action.

**In his seventh motion to amend or correct the complaint (Doc. 28),** plaintiff seeks to amend the complaint to assert a claim that application of the Sex Offender Registry to him is unconstitutional because his conviction occurred twenty-eight years ago in Illinois. He maintains this retroactive application violates his constitutional rights. Furthermore, he maintains placing his name on the Internet where it is broadcast violates his rights.

**The motion to amend (Doc. 28) is granted. The clerk is directed to file the motion to amend as a amended or supplemental complaint.**

-7-

### *Motion for Order of Removal of Sex Offender Classification (Doc. 5)*

Plaintiff asks that he be removed from the registered sex offender list and that the Benton County Detention Center be ordered to not classify him as a registered sex offender. **The motion (Doc. 5) is denied.** Until plaintiff prevails on the merits in this case or establishes a likelihood of success on the merits, he is entitled to no relief against the defendants.

### *Motion to Review ACIC website (Doc. 7)*

The plaintiff asks that the court review the Arkansas Crime Information Center (ACIC) website information on him. Plaintiff also wants "what the law reads on this site."

**The motion (Doc. 7) is denied.** The plaintiff may obtain access to this information through discovery. Plaintiff may request the production of these documents through Federal Rule of Civil Procedure 34. As will be seen below, the court is directing service of the complaint.

### *Motion for Relief (Doc. 11)*

In this motion, entitled a motion to compel, plaintiff contends his legal mail is not opened in front of him. In fact, he contends it is read and then given to him. Plaintiff contends the BCDC is not the proper place for him due to his pending cases. Additionally, he believes he is not getting adequate legal supplies, adequate access to the library, and responses to his requests sometimes take two weeks.

Plaintiff requests that the BCDC be ordered to provide him proper supplies, access to the library, and to cease reading his legal mail. Further, he asks the court to order the ADC to promptly transport him back to prison.

-8-

**The motion (Doc. 11) is denied as moot**. The court notes plaintiff has been transported to a unit of the ADC and is no longer housed in the BCDC.

### *Motion for Appointment of Counsel (Doc. 17)*

Plaintiff requests the appointment of counsel because he states he lacks the knowledge to pursue this matter diligently. He also maintains he should be appointed counsel because of the possible criminal intent of the defendants.

In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be appointed if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of appointing counsel is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (quoting, *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

-9-

After review of the file, it does not appear that either the facts or the claims are so complex that plaintiff will be unable to adequately present his claims. Thus far, plaintiff has been able to adequately set forth his claims. Furthermore, plaintiff has demonstrated an ability to represent himself and diligently pursue the case and file motions on his own behalf. We note he has filed a variety of motions including motions seeking various types of relief, motions to add defendants, for review of the ACIC website, to amend the complaint, etc. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case. **The motion for appointment of counsel (Doc. 17) is denied.**

### *Motion to Compel (Doc. 18)*

Although entitled a motion to compel, plaintiff actually appears to be attempting to amend his complaint to be asserting a claim that his registration as a sex offender in Arkansas also violated the Double Jeopardy Clause of the United States Constitution. He maintains his punishment for theft and theft by receiving was being forced to register upon release from the ADC as a sex offender. He states his Arkansas parole violation report now states he is a registered sex offender from Illinois while law enforcement in Illinois tells him he is a current registered sex offender in Arkansas. He states the punishment does not fit the crime of theft and theft by receiving.

**The motion to compel (Doc. 18) is denied.** The motion is duplicative of a motion to amend or correct the complaint filed by the plaintiff.

### *Motion to Compel (Doc. 22)*

-10-

In this motion, plaintiff states the defendants in the past have shown an unwillingness to turn over all requested documents to the plaintiff. Plaintiff states that if he is to prove his allegations of excessive force and failure to train, he needs all requested documents.

**The motion (Doc. 22) is denied.** It appears plaintiff has put the wrong case number on this document. This case does not involve an excessive force claim. Moreover, the court notes that in the caption of the case on this document, plaintiff has listed Steve Whitmill as a defendant. Thus, the court believes plaintiff is referring to case number 07-5176.

### Motion for Relief (Doc. 25)

In this motion, actually entitled a motion to compel, plaintiff asks the court to order the ADC, to provide him with adequate time to work in the law library, legal supplies and "information to case law." He also asks the court to order the ADC to discontinue the inmate library worker who has a "bad attitude" and thinks "he is a know it all."

**The motion (Doc. 25) is denied.** Absent extraordinary circumstances, this court will not interfere with the workings of the ADC. Plaintiff has access to the law library although apparently not for the length of time he would like. Plaintiff has also been able to communicate with the court as is exhibited by the motions he has filed in this case and in his other cases pending in this court. Plaintiff has access to writing materials, envelopes, and postage.

### Motion for Order to Delay Service (Doc. 26)

Plaintiff asks that the court delay service until after he goes before the Parole Board on March 20th. He states that he will receive his results from the Parole Board on April 1, 2008. Plaintiff asks that the court delay service sixty days passed the date of his parole hearing. If his parole is denied, plaintiff states he will inform the court of the decision.

-11-

The motion (Doc. 26) is denied as moot. Plaintiff has advised the court in another motion (Doc. 29) that he has now made parole and that he desires the court to serve the defendants.

*Order of Service*

The clerk is hereby directed to make the following notations on the docket sheet: Mr. Charles Pruitt is the Director of the Arkansas Crime Information Center (ACIC); Ms. Paula Stitz is the manager of the State Sex Offender Registry of the ACIC; and Mr. John Maples is the Warden of the Grimes Unit of the Arkansas Department of Correction.

The court, having heretofore entered an order allowing the plaintiff to proceed *in forma pauperis* and directing the clerk to file the complaint, hereby directs the United States Marshal to serve the following individuals: (1) Sheriff Keith Ferguson; (2) Deputy Spree; (3) Deputy Jensen; (4) Captain Petray; (5) Lt. Carter; (6) Mark Bernthal; (7) Leanne Baker; (8) the Area Manager or Supervisor of Mark Bernthal and Leanne Baker at the Area 1 Bentonville Office of the Department of Community Corrections; (9) Larry Norris, Director, the Arkansas Department of Correction; (10) Warden John Maples, Grimes Unit, Arkansas Department of Correction; (11) Mr. Charles Pruitt, the Director of the Arkansas Crime Information Center; and (12) Ms. Paula Stitz, the Manager of the State Sex Offender Registry of the Arkansas Crime Information Center.

Sheriff Ferguson, Deputy Spree, Deputy Jensen and Captain Petray and Lt. Carter may be served at the Benton County Detention Center, 1300 S.W. 14th St., Bentonville, AR 72712. The Defendants Mark Bernthal, Leanne Baker, and the Area Manager or Supervisor of Mark Bernthal and Leanne Baker, Area 1, Bentonville Office may be served **in care of** the Arkansas

-12-

Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, AR 71612-0550.

Mr. Charles Pruitt, Director of the Arkansas Crime Information Center, and Ms. Paula Stitz, Manager of the State Sex Offender Registry, may be served at One Capitol Mall, Little Rock, AR 72201. The United States Marshal should also serve copies of the summons issued to Mr. Charles Pruitt and Ms. Stitz and of the complaint on the Arkansas State Attorney General Dustin McDaniel, 323 Center Street, Suite 200, Little Rock, AR 72201.

Defendants are to be served without prepayment of fees and costs or security therefor. The defendants are ordered to answer within twenty (20) days from the date of service.

**When Warden Maples responds to the complaint, he is directed to identify for the court the female working "in the front office" processing release papers at the Grimes Unit. Specifically, this female worker is alleged to have processed Raymond Setzke's papers in November or December of 2004 and to have required him to complete papers to register as a sex offender.**

### *Motion to Compel Service (Doc. 29)*

Plaintiff states he has now made parole and he requests that defendants be served. **The motion (Doc. 29) is granted.** As set forth above, the court will direct service on the defendants specified.

### *Motion for Order of Protection and/or Restraining Order (Doc. 30)*

In this motion, Plaintiff states that he is in fear of his welfare from past threats "which show capability of the defendants." He asks that any contact with the defendants and their entities be done through their attorneys. He notes that he requested a restraining order in an old

-13-

case Civil No. 04-5046 and it was denied. He maintains this denial gave the "green light" to those who worked for "entities like Officer Caya of the Johnson Police who threatened" him on February 22, 2005, on a desolate driveway. Plaintiff notes that he is paroling.

The motion is denied (Doc. 30). The court is just today directing service on the defendants. The plaintiff does not indicate that any of named defendants, or any of the individuals he seeks to add as defendants, have threatened him in anyway. Rather, plaintiff merely asks the court to presume because of an alleged threat made by a Johnson Police Officer in 2005 that he is in danger from the defendants in this case. There is simply no indication the plaintiff is in need of protection from the defendants.

DATED this 30th day of April 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-14-