Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3094 | DATE | 6/3/2008 |
| CASE TITLE | Raymond Setzke (#119843) vs. Larry Norris, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is stricken, with leave to renew. Plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. Plaintiff must also submit a proposed amended complaint (along with a judge's copy and service copies). Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send Plaintiff an *in forma pauperis* application, an amended complaint form, and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

Plaintiff, an Arkansas prisoner, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff appears to claim that he has been illegally forced to register as a sex offender.

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. Plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file a signed i.f.p. application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from November 27, 2007, through May 27, 2008]. A correctional official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, Plaintiff may pay the full $350 statutory filing fee. Failure to complete the required form fully or to otherwise comply with this order will result in dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

(CONTINUED)

mjm

**STATEMENT (continued)**

Plaintiff must also submit an amended complaint, as the document on file does not satisfy basic pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's rambling, single-spaced, 66-page complaint is far too prolix to meet the "short and plain" requirement. More importantly, having reviewed the complaint, the court remains uncertain as to whom Plaintiff is suing or why.

In addition, Plaintiff cannot sue on behalf of his daughter. Plaintiff, an incarcerated non-lawyer, may not represent another individual. *See, e.g., Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam). The amended complaint should therefore drop Rochelle Erickson as a co-plaintiff.

It also appears that Plaintiff has misjoined claims regarding different state social service and law enforcement agencies. Although the basic thrust of the complaint seems to be that Plaintiff objects to registering as a sex offender, his diffuse allegations against individuals in different states would presumably implicate largely distinct groups of Defendants. Plaintiff must file separate actions against unrelated Defendants. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In fact, the court notes that Plaintiff already has a pending lawsuit on file in the U.S. District Court for the Western District of Arkansas that relates to his having to register as a sex offender and that names many of the same Defendants named in this case. *See Setzke v. Norris*, Case No. 07 C 5186 (W.D. Ark.). The court discerns no reason for litigating two independent lawsuits in two different jurisdictions against the same Defendants.

In sum, if after considering the provisions of the Prison Litigation Reform Act Plaintiff wishes to proceed with this suit, he must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit an amended complaint limited to a core nucleus of facts.

As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. If Plaintiff cannot fit his claims into the space provided on the Court's amended complaint form, he must file a motion for leave to incorporate additional pages, explaining why additional pages are necessary.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.