# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3094 | **DATE** | 7/2/08 |
| **CASE TITLE** | Raymond Setzke (#119843) vs. Larry Norris, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#13] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.67 from Plaintiff's account for payment to the Clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Eastern Arkansas Regional Unit. However, summonses shall not issue at this time. The Court dismisses the second third amended complaint, without prejudice. Plaintiff is granted thirty days in which to submit a third amended complaint (plus a judge's copy and service copies). Failure to submit a third amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Plaintiff's motion to adjoin cases [#9] is denied.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, an Arkansas prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim that he has had run-ins with police in two states as a result of being illegally forced to register as a sex offender.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.67. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, Plaintiff must submit a third amended complaint limited to any timely claims Plaintiff may have against Warrenville, Illinois, police officers. As the Court advised Plaintiff in its Minute Order of June 3, 2008, Plaintiff must file separate actions against unrelated Defendants. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In fact, the Court notes that Plaintiff already has a pending lawsuit on file in the U.S. District Court for the Western District of Arkansas that relates to his having to register as a sex offender in that state and that names many of the same Defendants named in this case. *See Setzke v. Norris*, Case No. 07 C 5186 (W.D. Ark.).

Plaintiff's motion "to adjoin cases in the jurisdiction of Illinois" is denied. Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. There is no basis for venue in this court with regard to Plaintiff's claims against Arkansas officials. Plaintiff's 1981 conviction that precipitated the requirement that he register as a sex offender is an insufficient nexus to confer jurisdiction in Illinois.

Plaintiff is advised to perform some basic legal research before preparing a third amended complaint. Plaintiff's claims against Warrenville officials relate to events that took place in March or April 2006, according to the second amended complaint, yet Plaintiff waited until May 27, 2008, to initiate this action. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.).

The "mailbox rule" appears to be of no benefit to Plaintiff. Under the "mailbox rule," prisoner pleadings are considered filed when given to the proper prison authorities for mailing, and not when received by the district court clerk. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999), *relying on Houston v. Lack*, 487 U.S. 266 (1988) (both Section 2254 habeas cases). But here, the original complaint is dated and signed on May 16, 2008, still after the two-year limitation period expired even if it was posted the same day Plaintiff signed the pleading.

Because Plaintiff's claims against the Illinois Defendants would seem to be barred by the statute of limitations, the third amended complaint is subject to summary dismissal on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

For all of the foregoing reasons, the Court dismisses the second amended complaint without prejudice. Plaintiff is granted thirty days in which to submit a third amended complaint on the Court's required form, should

**(CONTINUED)**

**STATEMENT  (continued)**

he wish to proceed with this lawsuit after considering the provisions of the Prison Litigation Reform Act.  Plaintiff must write both the case number and the judge's name on the third amended complaint, sign it, and return it to the Prisoner Correspondent.  **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the third amended complaint.**  As Plaintiff continues to ignore the Court's repeated admonitions about copy requirements, the Court may strike without considering any document filed that fails to comport with this basic filing rule.

Plaintiff is cautioned that an amended pleading supersedes prior versions and must stand complete on its own.  Therefore, all allegations against all Defendants must be set forth in the third amended complaint, without reference to prior pleadings.  Any exhibits Plaintiff wants the Court to consider in its threshold review of the third amended complaint must be attached, and each copy of the third amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.  The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not wish to pursue this lawsuit at this time.